983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard KOENIG, Defendant-Appellant.
 No. 91-10560.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1992.
Decided Jan. 8, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The issue in this case is whether the defendant agreed to pay restitution for harm caused by conduct that was the subject of dismissed counts. Koenig contends that the restitution order imposed upon him is invalid because it exceeds the amount charged in the count to which he pleaded guilty, and because the plea agreement is vague and ambiguous as to the amount of restitution due at the time of entry of the guilty plea.
 
 
 3
 We review a restitution order authorized by law only for an abuse of discretion. United States v. Soderling, 970 F.2d 529, 534 (9th Cir.1992). Restitution is limited to the losses caused by the conduct underlying the offense of conviction unless a defendant agrees in a fully bargained-for plea agreement to make restitution for other losses. Id. at 532-33.
 
 
 4
 Koenig did agree to make restitution for other losses. In the plea agreement, Koenig agreed to the Government's pursuit of restitution for "all sums in fact owing to the Internal Revenue Service emanating out of the offenses charged in the Indictment." The specific sentence recommendation for Count Thirty-Five in the plea agreement provided that he would cooperate with the I.R.S. to pay off "any tax liability ... incurred as a result of the charges in the Superseding Indictment." Contrary to Koenig's argument, the plea agreement need not specify the amount of restitution. The amount may be established judicially, or by agreement of the parties, or by admission. See United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir.1989), cert. denied, 493 U.S. 1034 (1990).
 
 
 5
 We hold that the amount of restitution was established judicially on the basis of Koenig's admission at sentencing. See id. at 1259-60. Before sentencing, Koenig was presented with the I.R.S. calculations establishing the amount of his tax liability. At sentencing, the court specified $860,000 as the maximum amount of restitution, and Koenig did not object.
 
 
 6
 Once the maximum amount was established, the court acted within its authority by delegating responsibility to the probation office to reduce the amount if necessary and to determine the timing and manner of payments. See id. at 1260.
 
 
 7
 Koenig also requests that an amended judgment be issued to show that he was sentenced for conduct committed prior to the enactment of the Sentencing Reform Act of November 1, 1987. Koenig must first exhaust his Bureau of Prisons administrative remedies. See United States v. Wilson, 112 S.Ct. 1351, 1354-55 (1992).
 
 
 8
 The sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3